*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NLS,

Petitioner-Appellee,

v

RJS,

Respondent-Appellant.

UNPUBLISHED
July 13, 2026
11:46 AM

No. 374909
Kent Circuit Court
LC No. 25-000270-PP

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order denying his motion to terminate an ex parte personal protection order (PPO), MCL 600.2950, entered in favor of his wife, petitioner. We affirm.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case arose after petitioner filed a petition pursuant to MCL 600.2950 seeking an ex parte PPO against respondent. Petitioner alleged that respondent made repeated verbal threats against her life and the lives of her children. She also alleged that respondent assaulted their son in September 2024, which led to respondent being arrested on charges of domestic violence. On January 14, 2025, the trial court granted the petition and issued an ex parte PPO.

Shortly thereafter, respondent moved to terminate the PPO, arguing that the allegations and evidence presented did not justify issuance of the order. At a hearing on the motion, petitioner testified that respondent routinely threatened her life, and that respondent threatened to shoot her, her attorney, and anyone who interfered. Petitioner testified that she feared leaving the home but ultimately did so in May 2024.

Since September 2024, respondent had contacted petitioner "here and there through text," but she did not interpret them as threatening. Petitioner admitted that she never asked respondent to stop texting her and explained that she delayed seeking the PPO because respondent told her "that a PPO was nothing more than just a piece of paper" that "wouldn't stop him."

Respondent briefly testified and denied making any of the alleged threats.  He believed that his contact with petitioner was peaceful.  Although he admitted that he pleaded guilty to disorderly conduct for the September 2024 incident involving his son, respondent stressed that petitioner was not in the room to witness any incident that day.  Nor had he contacted petitioner since the PPO was issued.

The trial court then found the following:

I have considered the testimony of [petitioner] and as well the testimony of [respondent] today.  Respondent has filed a—a motion to set aside the personal protection order because petitioner, has failed to establish proper preponderance of the evidence and she meets her burden.  There is reasonable cause to believe the respondent did or may commit one or more of the acts prohibited—prohibited under the statute.

There was—there was some litigation and argument regarding the recordings.  I did not allow the recordings in today to just—to—to set that issue aside.  But just based on the underlying testimony provided by the parties, I do believe that petitioner has established by a preponderance of the evidence, that she meets her burden.  That there is reasonable cause to believe the respondent did or make one or more of acts [sic] prohibited by the statute.

I also find, which I don't think these are mutually inconsistent rulings, that post PPO, I don't—I don't—I think—I believe the testimony there have been no violations post the PPO been filed.  So—but that's not exactly what we're litigating here today.

So based on that, respondent's motion is denied and the PPO will remain in place.

The trial court entered an order denying respondent's motion, stating that "[c]ircumstances continue to exist which require the continuation of the [PPO]" and that "Petitioner met her burden through her testimony that there is reasonable cause to believe that . . . Respondent did commit one or more of the acts prohibited under the statute."

## II.  STANDARDS OF REVIEW

We review the trial court's decision on a motion to grant or terminate a PPO for an abuse of discretion.  *Pickering v Pickering*, 253 Mich App 694, 700; 659 NW2d 649 (2002).  "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes."  *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008).  An abuse of discretion occurs when the trial court makes an error of law.  *PF v JF*, 336 Mich App 118, 126; 969 NW2d 805 (2021).  The trial court's findings of facts underlying its decision are reviewed for clear error.  *CAJ v KDT*, 339 Mich App 459, 464; 984 NW2d 504 (2021).  Clear error occurs if this Court has a firm and definite conviction that a mistake was made.  *Id*.  Questions of statutory interpretation are reviewed de novo.  *Hayford*, 279 Mich App at 325-326.

## III. ANALYSIS

Respondent asserts that the trial court erred by finding that he "did commit" a prohibited act, even though the statute instructs that the trial court find that he "may commit" a prohibited act. This argument lacks merit.

PPOs in a "domestic" context are governed by MCL 600.2950, which provides that a trial court shall issue an ex parte PPO

> if it clearly appears from specific facts shown by a verified complaint, written motion, or affidavit that immediate and irreparable injury, loss, or damage will result from the delay required to effectuate notice or that the notice will itself precipitate adverse action before a personal protection order can be issued. [MCL 600.2950(12). See also MCR 3.705(A)(2).]

"The petitioner bears the burden of establishing reasonable cause for issuance of a PPO and of establishing a justification for the continuance of a PPO at a hearing on the respondent's motion to terminate the PPO." *Hayford*, 279 Mich App at 326 (citations omitted). "Under MCL 600.2950(4), the trial court is required to issue a PPO if it determines that 'there is reasonable cause to believe that the individual to be restrained or enjoined may commit 1 or more of the acts listed in subsection (1).' " *SP v BEK*, 339 Mich App 171, 177; 981 NW2d 500 (2021) (citation omitted). Subsection (1) includes conduct such as threatening to kill or physically injure a named individual, MCL 600.2950(1)(c), and "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence," MCL 600.2950(1)(*l*).

> In determining whether reasonable cause exists, the court shall consider all of the following:
>
> (a) Testimony, documents, or other evidence offered in support of the request for a personal protection order.
>
> (b) Whether the individual to be restrained or enjoined has previously committed or threatened to commit 1 or more of the acts listed in subsection (1). [MCL 600.2950(4)(a) and (b).]

The trial court did not err by finding reasonable cause to believe that respondent "did commit" one or more of the prohibited acts. See *CAJ*, 339 Mich App at 464. "[U]nder MCL 600.2950(4), petitioner was not required to show that respondent actually committed one of the acts listed in MCL 600.2950(1), only that there was reasonable cause to believe that he *may* commit one of the acts." *SP*, 339 Mich App at 187. But in determining whether reasonable cause existed to continue an ex parte PPO, a trial court is mandated to consider "[t]estimony, documents, or other evidence offered in support of the request for a" PPO, MCL 600.2950(4)(a), and whether respondent has "*previously committed* or threatened to commit 1 or more of the acts listed in" MCL 600.2950(1), MCL 600.2950(4)(b). (Emphasis added.) Because the trial court was statutorily mandated to consider if respondent had previously committed a prohibited act, the trial

court did not err by finding that petitioner met her burden to continue the PPO because respondent "did commit," i.e., previously committed, a prohibited act.

A series of incidents were alleged to have occurred between January 2024 and January 2025, which supported the trial court finding that reasonable cause existed to continue the ex parte PPO. There was reasonable cause to believe that respondent may commit an act listed in Subsection (1) because petitioner alleged and provided transcripts representing that respondent threatened several times to kill petitioner, petitioner's attorney, and their children. See MCL 600.2950(1)(c). Given the allegations and documents attached to the petition, the trial court properly found reasonable cause to believe that respondent may commit one of the prohibited acts in MCL 600.2950(1), given that he previously did commit one of the prohibited acts. See MCL 600.2950(4).

The trial court did not err by finding reasonable cause to believe that respondent committed a prohibited act under MCL 600.2950(1).

Respondent also argues that the trial court erred by denying his motion to terminate on the basis of insufficient findings. MCR 2.613(C) provides: "Findings of fact by the trial court may not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." It is well established that the trial court has an advantage in determining the weight and credibility to a witness's testimony. *SP*, 339 Mich App at 176.

MCR 3.705(B)(6) instructs that a trial court "must state the reasons for granting or denying a personal protection order on the record and enter an appropriate order." Following the issuance of an ex parte PPO, a "respondent may file a motion to modify or terminate or an ex parte" PPO. MCR 3.707(A)(1)(b). See also MCL 600.2950(13). In this case, respondent moved to terminate the ex parte PPO on January 29, 2025. This submission triggered petitioner's obligation "of establishing a justification for the continuance of [the] PPO at a hearing on the respondent's motion to terminate the PPO." *Hayford*, 279 Mich App at 326.

The trial court found, "based on the underlying testimony provided by the parties, . . . that petitioner has established by a preponderance of the evidence, that she meets her burden. That there is reasonable cause to believe the respondent did or make one or more of acts [sic] prohibited by statute." As noted, in the February 28, 2025 order denying respondent's motion to terminate, the trial court found that circumstances continued to exist that required the continuation of the PPO and that petitioner "met her burden through her testimony that there is reasonable cause to believe that . . . Respondent did commit one or more of the acts prohibited under the statute."

When different reasonable inferences can be drawn from the evidence, it is the trial court that determines what inferences shall be drawn. See *SP*, 339 Mich App at 176. Although the trial court could have made more explicit findings as to why continuation of the PPO was proven, a full review of the transcripts show that the trial court applied the correct standards and burdens but failed to expansively articulate its rationale on the record or in its written opinion. However, given the testimony provided at the termination hearing and the trial court's unique position to determine witness credibility and the weight given to evidence, the trial court's failure to state more complete reasoning on the record is not inconsistent with substantial justice. See MCR 2.613(A). As

explained, the trial court did not err by finding that respondent committed one of the prohibited acts under MCL 600.2950(1). Respondent is, therefore, not entitled to relief. See MCR 2.613(A).

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello